STERLING VILLAGE, PLAINTIFF AND APPELLEE, V.
ALLEN PEARSON, DEFENDANT AND APPELLANT.

Municipal Corporations: OBSTRUCTING ALLEY: EVIDENCE.
In an action by a village against the occupant of an alleged al-
ley, to enjoin him from obstructing the same, there was no testi-
mony tending to show the actual location on the ground of such
alley, nor was the original plat produced or accounted for, and
the copy introduced in evidence showing an alley on the block
in question, was shown to be unreliable in the width of the lots
in the block in controversy, and in marking an alley on the
block immediately east, where it was conceded there was none.
*Held*, That there was a failure of proof to show the existence of
an alley at the place indicated.

APPEAL from the district court of Johnson county.
Heard below before BROADY, J.

*S. P. Davidson*, for appellant.

*A. M. Appelget* and *L. A. Varner*, for appellee.

MAXWELL, J.

This action was brought by the plaintiff against the de-
fendant, to enjoin him from obstructing a certain alleged
alley in the village of Sterling. The plaintiff, after alleg-
ing in its petition that it is a duly incorporated village,
states: "That in said village, as is designated by the re-
corded plat thereof, is a certain block numbered 10, and
that through said block, running east and west, is an alley
sixteen feet in width, and the south line of which is dis-
tant from the south front line of said block 132 feet, as
is also designated and shown by the recorded plat of said
original town; which said plat is of record in the office
of the county clerk of Johnson county, Nebraska. And
that by reason of the laying out, platting, and recording
of said plat of said original town of Sterling, the said

alley above described and therein designated was duly dedicated to the public use; that said Allen Pearson has obstructed and still does continue to obstruct the use of said alley by the citizens of said village, and to the great detriment of the citizens thereof, and to the damage and injury of the persons as well owning property adjoining said alley, by the erection of a fence across the same, and by the digging and maintaining a ditch across said alley, with the intention and for the purpose of obstructing the use thereof by the citizens of said village; that said defendant has been frequently notified by citizens of said village and by the board of trustees, through their marshal, to remove said obstructions, which he refused and still does refuse to do."

The defendant filed an answer to the petition, 1st, in substance denying the facts stated therein; and 2d, pleading the statute of limitations.

On the trial of the cause the court found in favor of the plaintiff, and rendered a decree accordingly.

It is conceded that in block 9, immediately east of the block in question, there is no alley, although an alley is marked on the plat introduced in evidence. The original plat was not introduced, nor was there any proof that in the original surveys an alley had been staked out and platted.

A witness named Dunlap was called, who testified in regard to the plat introduced in evidence:

A. The map was made under the instruction of W. H. Mann, one of the original proprietors—the original was; I didn't make the original, however. I made a mistake in the figures expressing the width of the lot. The lots on the north end are 49½ feet, and I commenced figuring, and figured clear across, and then put it down by mistake. Down here, where the lots are the same width, I cut right 44 feet, and the figures are all correct on the others.

Q. Then the error which appears upon the face of this is not in showing the alley, but in showing the width of the lots?

A. That is all.

Q. Are you testifying now from your own recollection?

A. Yes.

Q. Did you record this plat yourself?

A. Yes, for Mr. Hoadley, he was the county clerk; I was working for him, and made the plat and made the records.

Q. And you don't know whether the mistake occurred on the original plat or on these records?

A. It occurred on this record alone, to the best of my recollection and belief.

Q. So that the original plat is not correctly recorded. Is that what you mean to say?

A. Yes, there are two original plats, I was going to say, two that I made from the original and corrected; they seem to be lost.

Q. When you went up to make the original plat, did you go on the ground itself?

A. No, sir.

Q. You just staid here in Tecumseh and took the old plat and made a new one from it?

A. I don't think I was in Tecumseh at that time.

Q. You didn't go to Sterling to survey it?

A. No, sir, I didn't go there. I done it under instructions of Mr. Mann.

Q. So as a matter of fact you cannot say from an actual survey what are the correct distances?

A. Yes, subsequently I surveyed it, I did surveying there.

Q. Did you survey the original plat?

A. No, sir.

Q. Did you survey this particular block 10?

Village of Sterling v. Pearson.

A. No, not all around it, I think; I surveyed on two sides of it on the streets.

Q. You didn't survey it at all at the time it was platted?

A. No, sir.

This, in substance, is all the testimony in behalf of the plaintiff to show that an alley was laid out at the point indicated. There is no proof whatever that an alley was actually laid out on the ground in lot 10. While it is clearly shown that on the block immediately east, and only across the street from block ten, there is no alley, although one is marked on the copy of the plat before us. This being so, there is a failure of proof.

In order to entitle the plaintiff to recover, it must be shown that an alley actually exists at the point indicated, otherwise the defendant cannot be disturbed in his possession. It is somewhat remarkable that the original plat was not produced or accounted for, or that there was no testimony tending to show the actual location of the alley on the ground, if such was the fact. As it is, however, the plaintiff has failed to establish the existence of the alley. No doubt the village authorities may, if they deem it necessary, proceed to condemn land for an alley across the block in question, but that question is not before this court. There being a failure of proof, the judgment of the district court is reversed and the cause dismissed.

JUDGMENT ACCORDINGLY.

THE other judges concur.